**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Brian K. Boulb, | ) | Civil Action No. 0:20-3300-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Department of Corrections, of State of Ill.; | ) | |
| Attorney Steve Welby, Panel Lawyer; | ) | |
| Mr. Phelps, Warden Edgefield; | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") recommending that the complaint be dismissed without prejudice. (Dkt. No. 9.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the complaint without prejudice.

**I.    Background**

Plaintiff Bould brings this action *pro se* to pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff's form complaint alleges that he was denied a lawyer in his Illinois criminal case, in violation of his Sixth Amendment right. He brings claims against the State of Illinois, his former attorney, and the warden of the prison in which he is currently incarcerated. He attaches a handwritten letter to the form complaint, which is largely illegible.

**II.    Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III.    Discussion

The Magistrate Judge recommends dismissing the complaint for failing to state a claim upon which relief can be granted, to which Plaintiff filed no objection. The Court finds that there is no clear error on the face of the record and therefore adopts the recommendation as the order of the Court. The district court may dismiss a case that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim upon which relief can be granted, the complaint must plead sufficient facts that, accepted as true, state a plausible claim on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even liberally construing this *pro se* complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it fails to state such a claim. As the Magistrate Judge ably identifies, Plaintiff's complaint contains so few facts that it is impossible to determine the nature of the claims against each defendant. Moreover, the Illinois Department of Corrections is not a "person" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67-68 (1989). Likewise, Defendant Welby is not a state actor subject to suit under § 1983 or *Bivens*. *See, e.g.*, *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (no state action under §

-3-

1983 where plaintiff's attorney was court-appointed public defender).  For these reasons, Plaintiff's complaint is subject to dismissal.

### IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 9) as the order of the Court.  Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

                                          s/ Richard Mark Gergel
                                          Richard Mark Gergel
                                          United States District Judge

November 23, 2020
Charleston, South Carolina